IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:14-cv-211 ) |
| v. | ) ) |
| | ) JURY TRIAL DEMAND |
| SAVE EDGE, INC., formerly known as FILE SHARPENING COMPANY, INC. | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991to correct unlawful employment practices and to make whole Anthony Hoover ("Hoover"), who was adversely affected by such practices. As alleged by Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") with greater particularity in paragraph eight (8) below, Defendant Save Edge, Inc., formerly known as File Sharpening Company, Inc. ("Save Edge") violated the Americans with Disabilities Act ("ADA") when it failed to hire Hoover because it regarded him as disabled.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §

1981(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Dayton Division.

## PARTIES

3.     The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Save Edge has been a corporation continuously doing business in the State of Ohio and has continuously had at least 15 employees.

5.     At all relevant times, Save Edge has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Save Edge has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty (30) days prior to the institution of this lawsuit, Hoover filed a charge with the Commission alleging that Defendant violated Title I of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least October 2012, Defendant has engaged in unlawful employment practices at its facility located in Xenia, Ohio in violation of Sections 102 (a) and (d)(3)(C) of

Title 1 of the ADA, 42 U.S.C. §§ 12112(a) and 12112(d)(3)(C) in that it failed to hire Hoover because it regarded him as having a disability.

    a.    Hoover suffers from a sleep-induced seizure disorder for which he takes the legally prescribed barbiturate Dilantin.  Neither his sleep-induced seizure disorder nor the medication he takes to control it causes him any work restrictions.

    b.    In October 2012, Hoover received a conditional offer of employment from Defendant for a machine operator position contingent upon passing a drug screen administered by third-party Hometown Urgent Care ("Hometown").

    c.    Hoover's drug screen result came back positive for a barbiturate and Hometown informed Randall Stout ("Stout"), Defendant's operations manager, of the result and that Hoover could validate the result with a prescription.

    d.    Hoover provided his Dilantin prescription to Hometown, which in turn changed the result of Hoover's test to "negative" and mailed a copy to Stout.

    e.    Stout received the negative result, and requested additional information from Hoover about the prescription he was taking.  Upon learning that Hoover took Dilantin for seizures, he withdrew Hoover's job offer stating he would not hire him because he believed Hoover would be a danger to the company.

9.    The effect of the practices complained of in paragraph eight (8) above has been to deprive Hoover of equal employment opportunities and otherwise to adversely affect his ability to become employed with Defendant.

10.    The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11.    The unlawful employment practices complained of in paragraph eight (8) above

were done with malice or with reckless indifference to Hoover's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore the Commission respectfully requests that this Court:

A.    GRANT a permanent injunction enjoining Save Edge, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of perceived disability;

B.    ORDER Save Edge to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;

C.    ORDER Save Edge to make Hoover whole by providing him with appropriate back pay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.    ORDER Save Edge to make whole Hoover by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including, but not limited to, medical expenses that, but for the unlawful employment practices, would have been paid by Save Edge employee benefit plan, in amounts to be determined at trial;

E.    ORDER Save Edge to make Hoover whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.    ORDER Save Edge to pay Hoover punitive damages for its malicious and reckless conduct as described in paragraph 8 above, in amounts to be determined at trial;

     G.     GRANT such further relief as the court deems necessary and proper in the public interest; and

     H.     AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its Complaint.

     Respectfully submitted,

     EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION

     s/ Laurie A. Young
     LAURIE A. YOUNG
     Regional Attorney

     s/ Michelle Eisele
     MICHELLE EISELE
     Supervisory Trial Attorney
     Indianapolis District Office
     101 W. Ohio St., Suite 1900
     Indianapolis, IN 46204-4203

     s/ Aimee L. McFerren
     AIMEE L. MCFERREN
     Senior Trial Attorney
     Kentucky Bar No.: 89912
     Federal Bar No.: 36953
     Louisville Area Office
     600 Martin Luther King, Jr., Place, Suite 268
     Louisville, Kentucky 40202-2285
     (502) 582.6308 (Direct Dial)
     (502) 582.5435 (Facsimile)
     E-mail: aimee.mcferren@eeoc.gov