IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:14-cv-211 |
| v. | ) ) | |
| SAVE EDGE, INC., formerly known as FILE SHARPENING COMPANY, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## **CONSENT DECREE**

The Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant, Save Edge, Inc., formerly known as File Sharpening Company, Inc. ("Save Edge") on June 25, 2014, alleging violations of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991.  The EEOC's Complaint alleges that Save Edge discriminated against Charging Party Anthony Hoover ("Charging Party" or "Hoover") when it failed to hire Hoover because it regarded him as disabled.

The EEOC brought this action to correct Save Edge's employment practices which the EEOC alleges were unlawful.  The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense and delay of further litigation. Nothing in this Consent Decree is intended to be an admission of liability by Save Edge.

The EEOC and Save Edge hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and

provisions of the Americans with Disabilities Act will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      This Consent Decree ("Decree") is entered in full and complete settlement of any and all claims arising out of or asserted in Civil Action No. 3:14-cv-211.

2.       Save Edge and its officers, managers and employees are permanently enjoined from engaging in unlawful employment practices based on disability.

3.       Save Edge and its officers, managers and employees are further permanently enjoined from discriminating or retaliating against any person: (i) because of opposition to any practice based on disability and made unlawful under the Act; (ii) because such person files a Charge of Discrimination alleging an unlawful employment action based on disability; or (iii) because such person participates in any manner in any investigation, proceeding, or hearing under the Act.

4.      Within sixty (60) days of the entry of this Decree, Save Edge shall implement a written disability policy and procedures to ensure equal employment opportunities are afforded to employees and applicants with disabilities and which shall include the following minimum provisions:

(i)      Clear definitions and examples of prohibited disability discrimination and retaliation;

(ii)      That discriminatory decision-making, including decision-making in regard to hiring/firing decisions and employee requests for reasonable accommodations, is prohibited;

2

(iii)    That information gathered pursuant to a post-offer medical exam and/or related follow-up questions will not be used in violation of the ADA;

(iii)    A provision that informs employees and applicants who they should contact to request a reasonable accommodation, including contact information for each such person;

(iv)    A provision requiring that Save Edge engages with employees and applicants in an interactive process to make individualized determinations about accommodations;

(v)    A procedure for the acceptance of disability discrimination and retaliation complaints, whether in writing or orally, by any employee or applicant;

(vi)    A procedure for the effective investigation of disability discrimination and retaliation complaints, as well as appropriate remedies for handling complaints, and prompt communication to the complaining party of the results of the investigation.

5.    Annually, for three (3) years from the entry of this Decree, Save Edge shall provide a program on employment discrimination, including the Americans with Disabilities Act and Save Edge's disability policy and procedures, to all management/supervisory level employees and Human Resources personnel.  The training shall be completed within three (3) months from the date the Consent Decree is entered. Save Edge shall submit to the EEOC each year, at least thirty (30) days in advance of the program, the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar.  The person who shall administer the training will be either an attorney(s) or person(s) possessing at least five (5) years of experience in labor and employment law.

6.    Within five (5) business days after the Court's entry of this Decree, Save Edge shall post in conspicuous areas readily accessible to all employees (such as the employee lounge

3

or break room) the Notice attached as Exhibit A.

7.     The EEOC shall have the right to make requests for information from Save Edge which demonstrates compliance with the Decree over the duration of the Decree.  Save Edge shall comply with a request for such information within thirty (30) days of the request.

8.     Save Edge shall pay to Anthony Hoover a total of $30,000.00 of this amount, $15,000.00 represents back pay damages and pre-judgment interest.  An additional amount of $15,000.00 represents compensatory and punitive damages.

9.      Save Edge agrees not to deduct from the back pay amount its share of any taxes, Social Security or Medicare contributions required by law to be paid by Save Edge.  Save Edge shall deduct only Hoover's share of taxes, Social Security and Medicare contributions from the back pay amount.  Save Edge will issue an Internal Revenue Service Form 1099 for the amounts of damages deemed compensatory and punitive damages.  The payments shall be made by checks payable to Anthony Hoover.

10.     No more than ten (10) days from the entry of this Decree, the EEOC will forward a Release and Wavier to Hoover for his execution, attached as Exhibit B.  The EEOC will notify counsel for Save Edge upon receipt of the release executed by Hoover.  Then, within fourteen (14) days from the entry of this Decree, or within five (5) days of the EEOC's notification that it has received the release signed by Hoover, whichever is later, Save Edge shall mail the settlement checks to Hoover by certified mail to the address to be provided by the EEOC.

11.      Save Edge shall mail a copy of the checks and proof of delivery to Hoover (a signed certified mail receipt) to the EEOC in care of the EEOC's Regional Attorney for the Indianapolis District, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.  A copy shall also be mailed to EEOC counsel Aimee L.

McFerren, 600 Dr. Martin Luther King, Jr. Place, Suite 268, Louisville, Kentucky 40202.  The EEOC shall forward Hoover's executed release to counsel for Save Edge upon receipt of proof of delivery of the settlement checks to Hoover.

12.     During the term of this Decree, Save Edge shall provide the EEOC with annual reports on or before each anniversary date of the entry of this Decree. The annual report shall include the following information:

a.  Training: the date of training during the preceding year, a copy of the agenda of the training session, the identity of the person or persons leading the training, a roster of all individuals who attended the training, and a certification that all management and supervisory level personnel and Human Resources personnel attended the training.

b.  Notice: that the Notice was and has remained posted as required by this Decree.

c.  Complaints and requests for accommodation: the identity of any individual who made a complaint of disability discrimination or requested accommodation during the preceding year, including the individual's name and last known contact information, as well as a detailed description of the complaint or request and the action taken by Save Edge in response.

13.     This Decree shall remain in effect for three (3) years from the date of signing.

14.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

15.     The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Save Edge has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

16.     In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.

17.     This Consent Decree shall be binding on Save Edge and all of its successors-in-interest and Save Edge will notify all such successors-in-interest of the existence and terms of this Consent Decree.

18.     Each party to this action shall bear its own costs and attorney's fees.


Signed this __16th__ day of ___March___, 2015.

                          s/Thomas M. Rose
                          United States Judge


6

Copies to:

| | |
|---|---|
| Aimee L. McFerren | Jennifer Hann Harrison |
| Equal Employment Opportunity | Taft Stettinius & Hollister LLP |
|       Commission | 40 North Main Street, |
| 600 Dr. Martin Luther King, Jr. Place, | Suite 1700 |
| Suite 268 | Dayton, Ohio 45423 |
| Louisville, KY 40202 | |
| | |
| Counsel for Plaintiff | Counsel for Defendant |